IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES                                           PLAINTIFF/RESPONDENT


V.                          No.  2:11-CR-20043
                            No.  2:13-CV-02044

JAMIE ACEVES-MARTINEZ                        DEFENDANT/PETITIONER

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is the Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence

Pursuant to 28 U.S.C. Section 2255 (ECF No. 95) filed February 12, 2013.  The United States of

America filed a Response (ECF No. 100) on March 6, 2013.  The Petitioner has filed a Motion to

Supplement (ECF No. 101) on April 1, 2013 and the matter is ready for Report and

Recommendation.

I. Background

On August 10, 2011, Jaime Aceves-Martinez ("Aceves-Martinez") was named in six

counts of an eight-count Indictment charging him with (1) conspiracy to distribute more than 50

grams of methamphetamine, (4) possessing with intent to distribute more than 50 grams of

methamphetamine, (5) being a felon in possession, (6) being an illegal alien in possession of a

firearm, (7) carrying and using a firearm in the furtherance of a drug trafficking crime, and for (8)

illegal reentry after removal. (ECF No. 1).

On December 5, 2011, Aceves-Martinez appeared with counsel, Joseph Self, for a change

of plea hearing before the Honorable P. K. Holmes, III. (ECF No. 44). A written Plea Agreement

was

presented wherein Aceves-Martinez would plead guilty to Counts 1 and 7 of the Indictment.

(ECF No. 45). Additionally, the Plea Agreement set forth that Aceves-Martinez was subject to a

maximum 40 years imprisonment and to a term of supervised release of at least 4 years as to

Count 1 and subject to a maximum of life imprisonment and to a term of supervised release of at

least 3 years as to Count 7. (ECF No. 45 ¶ 11). The Court reviewed the Plea Agreement with

Aceves-Martinez ensuring there was nothing contained in the Plea Agreement that he had not

agreed to and reviewed the penalties he faced. (ECF No. 98 , pp. 5 - 8). A factual basis was set

forth to which Aceves-Martinez agreed and, after finding Aceves-Martinez's plea to be

voluntary, the Court tentatively approved the plea agreement pending completion of a

Presentence Investigation Report ("PSR"). (ECF No. 98 , pp. 11 - 14).

On January 3, 2012, the U.S. Probation Office prepared Aceves-Martinez's initial

Presentence Investigation Report ("PSR"). The United States offered no objections. However, on

January 20, 2012, Aceves-Martinez offered two objections, objecting to his base offense level of

34 contained in paragraph 33 and objecting to the finding in paragraph 37 that there was

substantial risk of death or serious bodily injury when he was apprehended. Probation disagreed

with each of Aceves-Martinez's objections and issued his PSR on January 24, 2012. (ECF No.

65).

The PSR assessed a base offense level of 34. (PSR ¶ 33). Aceves-Martinez received a two

point adjustment for his role in the offense along with a two point adjustment for obstruction of

justice resulting in an adjusted offense level of 38. (PSR ¶¶ 36, 37, & 38). After receiving a

3-level adjustment for acceptance of responsibility, Aceves-Martinez's total offense level was

calculated to be 35. (PSR ¶ 42). Based on a total offense level of 35 and a criminal history

category of IV, Aceves-Martinez's guideline range for imprisonment was 235 - 293 months.
(PSR ¶ 73).

On March 6, 2012, Aceves-Martinez appeared for sentencing. (ECF No. 64). The Court
sentenced Aceves-Martinez to 188 months imprisonment on Count 1 and 60 months on Count 7
(running consecutively), 4 years supervised release on Counts 1 and 7 (to run concurrent), and
$100 special assessment. (ECF No. 71). Counts 4, 5, 6, and 8 were dismissed on motion of the
United States. Aceves-Martinez did not appeal his conviction even though he was advised of his
right to do so. (ECF No. 99,  p. 37).

On February 12, 2013, Aceves-Martinez filed the instant Motion Under 28 U.S.C. § 2255
to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "§ 2255 Motion").
(ECF No. 95).

## II.  Discussion

### A.  Ground One:

The Petitioner asserts in Ground One a number of distinct allegations.  The court will
separate them for disposition but will still be grouped under the Defendant's designation of
Ground One.

### 1.  Conspiracy Indictment.

The Petitioner seems to allege that the court erred in allowing a conspiracy indictment
because there were "less than five participants". (ECF No. 95, p. 4). Aceves-Martinez never
objected to the sufficiency of his indictment regarding the conspiracy charge, he cannot bring
such an argument now. *Link v. United States*, 295 F.2d 259, 260 (8th Cir.1961) (Sufficiency of
indictment may not be raised collaterally after conviction).

Even so, his argument is without merit.  To prove a conspiracy charge, the United States must show that an agreement to engage in a crime existed between a defendant and at least one other person. *United States v. Rodgers*, 18 F.3d 1425, 1428-29 (8th Cir. 1994). Individuals become members of a conspiracy when they knowingly contribute their efforts to the conspiracy's objectives. *United States v. Galvan*, 961 F.2d 738, 741 (8th Cir.1992).  There is no requirement in the law that a conspiracy charge must have five co-conspirators.

### 2. Supervised Release.

Aceves-Martinez argues the Court erred in imposing supervised release because he is an alien who will be deported after his imprisonment. This despite being informed a term of supervised release would be imposed in his case pursuant to pleading guilty. (ECF No. 45, ¶ 11); (ECF No. 98 , pp. 7 - 8). Because Aceves-Martinez's term of supervised release under Count One was statutorily mandated, his argument is without merit. Additionally, his term of supervised release under Count Seven is afforded a presumption of reasonableness of which Aceves-Martinez has not overcome.

### 3. Failure of Proof

The Defendant next contends that the court erred in "not requesting the prosecutor to demostrate (sic) with substantial evidence the participation of the other participants". (ECF No. 95, p. 4).  In this case, Count One of the Indictment contained the names of four co-defendants charged with knowingly distributing more than 50 grams of methamphetamine. (ECF No. 1). By pleading guilty to Count One of the Indictment, Aceves-Martinez admitted he participated in a conspiracy with the other three named co-defendants in distributing methamphetamine. In this case, Aceves-Martinez had the opportunity, instead of entering his guilty plea, to challenge the

theory of the Indictment. Instead, he entered a guilty plea and agreed to all of the facts supporting

the Indictment.

Aceves-Martinez entered into a written plea agreement in which he stipulated the

following facts were true and undisputed:

> 3. The defendant has fully discussed with defense counsel the facts of this case
> and the elements of the crime(s) to which the defendant is pleading guilty, and
> admits that there is a factual basis for this guilty plea. The following facts are true
> and undisputed:
>
>> a. On July 27, 2011, agents with the Drug Enforcement
>> Administration and officers with the Fort Smith Police Department
>> utilized a cooperating defendant ("CD") to make a series of controlled
>> phone calls to the defendant, Jaime Aceves-Martinez, to arrange the
>> purchase of an amount of methamphetamine. The CD spoke to the
>> defendant on the phone, and two arranged for the defendant to deliver
>> an amount of methamphetamine to the CD's residence. Officers
>> conducting the surveillance on the CD's residence observed the
>> defendant arrive at the residence in a sliver [sic] car. The defendant
>> was the sole occupant of the vehicle. When officers attempted to
>> arrest the defendant, he abandoned the vehicle and fled on foot. The
>> defendant was apprehended a short time after he fled. Within the
>> vehicle driven by the defendant, officers located approximately 12
>> ounces of a substance which later tested positive for meth-
>> amphetamine, and a Ruger, model P93, 9 millimeter caliber
>> pistol, serial number 306-10899.  (ECF No. 45, ¶ 3).

By entering into the Plea Agreement the Defendant had admitted that the government

could prove that he participated in the conspiracy. In addition the Government recited the factual

basis at the time of plea and the Defendant admitted to the court that the Government could

prove the factual basis. (ECF No. 98, pp. 11-12).

The court found, at the time of plea, that the "Defendant is fully competent and capable of

entering an informed plea. The Defendant is aware of the nature of the charges and the

consequences of the plea; that the plea of guilty is a knowing and voluntary plea supported by an

independent basis in fact containing all of the essential elements of the offense in Count I and

Count VII of the Indictment. The plea is therefore accepted and the Defendant is adjudged guilty

of Count I and Count VII of the Indictment." (Id., p. 13).

The Defendant's arguments in Ground One are without merit.

**B. Ground Two:**

   **1. Fairness of Sentence**

Aceves-Martinez claims in Ground Two that he deserves a fair sentence based on the

Federal Guidelines. Aceves-Martinez's argument is far from clear but it appears he is asserting

that he received an unreasonable sentence.

On Count One, Aceves-Martinez's statutory provision called for a minimum term of

imprisonment of 5 years and a maximum term of 40 years. The minimum term of imprisonment

under Count Seven was 5 years and the maximum term was life. Aceves-Martinez's Guidelines

provisions, based on his total offense level being 35 with a criminal history category of  IV,

resulted in a guideline imprisonment range between 235 and 293 months for Count One with a

consecutive term of 60 months imprisonment on Count Seven being mandatory. The United

States filed a motion pursuant to § 5K1.1 to reduce Aceves-Martinez's offense level by two

which then resulted in a guideline range between 188 - 235 months for Count One.

At the time of plea the court advised the Defendant of the sentencing range for both

counts and specifically informed the Defendant that a plea of guilty on Count II which carried a

"maximum term of imprisonment of life and carries **a mandatory minimum sentence** of five

years, **which runs consecutive** to the sentence in Count I of the Indictment, so it's added to ; it's

five years or 60 months in addition to what your sentence will be in Court I." (ECF No. 98, p. 7).

The court ultimately sentenced the Defendant to 188 months on Count I (ECF No. 71, p2) which was the bottom end of the Sentencing Guidelines.  There was nothing unreasonable about a sentence at the lowest end of the Guidelines.

It also appears that the Defendant abandons this argument in his Supplement (ECF No. 101, p. 6) filed April 1, 2013.

### 2.  Failure to Raise Issues on Appeal

The court also notes that the Defendant failed to raise the above issues in Ground One and Ground Two on appeal. A § 2255 motion is not a substitute for direct appeal; it is "intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." *Davis v. United States*, 417 U.S. 333, 343, 94 S.Ct. 2298, 2304, 41 L.Ed.2d 109 (1974). *U.S. v. Wilson*  997 F.2d 429, 431 (C.A.8 (Ark.),1993). A petitioner simply cannot raise a non-constitutional or non-jurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not. *Belford v. United States*, 975 F.2d 310, 313 (7th Cir.1992); *see Davis v. United States*, 417 U.S. 333, 345 & n. 15 (1974) (federal prisoner cannot assert on collateral attack a non-constitutional claim that was not raised on direct appeal); *Capua*, 656 F.2d at 1037 (same). *Anderson v. U.S.*  25 F.3d 704, 706 (C.A.8 (N.D.),1994).

Besides being meritless, the Defendant did not raise any of the above issues on appeal and they are defaulted.

### C.  Ineffective Assistance of Counsel:

The Defendant make IAC claims in both Ground One and Ground Two and the court will combine both allegations under one heading.

The Sixth Amendment of the Constitution of the United States affords a criminal

defendant with the right to assistance of counsel. *U.S. Const. amend. VI.* The Supreme Court

"has recognized that 'the right to counsel is the right to effective assistance of counsel.' "

*Strickland v. Washington*, 466 U.S. 668, 698, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (citing

*McMann v. Richardson*, 397 U.S. 759, 771, n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)).

A defendant "faces a heavy burden" to establish ineffective assistance of counsel

pursuant to § 2255.  *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000);  2254. *Cox v.*

*Wyrick,*  642 F.2d 222, 226 (C.A.Mo., 1981) To establish a claim of ineffective assistance of

counsel, the Defendant must satisfy the two-part test set forth in *Strickland v. Washington,* 466

U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

First, under the "deficient performance" component, he must show that his counsel "made

errors so serious that counsel was not functioning as the 'counsel' guaranteed [him] by the Sixth

Amendment." *Strickland*, 466 U.S. at 687. That showing can be made by demonstrating that

counsel's performance "fell below an objective standard of reasonableness." *Wiggins v. Smith*,

539 U.S. 510, 522, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003)(internal citations omitted.

Second, under the "prejudice" component, he must demonstrate that "there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different." Id. at 694. see also, i.e. *United States v  Ledezma-Rodriguez*, 423

F.3d 830, 836 (8th Cir. 2005)(post-conviction relief will not be granted on a claim of ineffective

assistance of trial counsel unless the petitioner can show not only that counsel's performance was

deficient but also that such deficient performance prejudiced his defense).

To satisfy this "prejudice" prong, Defendant must show "that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have

been different . . . a reasonable probability [meaning] a probability sufficient to undermine

confidence in the outcome." *U.S. v. Rice*, 449 F.3d 887 at 897 (internal quotations omitted).

Thus, it is not sufficient for a defendant to show that the error had some "conceivable effect" on

the result of the proceeding because not every error that influences a proceeding undermines the

reliability of the outcome of the proceeding. *Morales v. Ault*, 476 F.3d 545 (8th Cir.2007) (citing

*Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir.2004)). Additionally, actual prejudice does not

exist where a petitioner, at best, suffers the mere possibility of prejudice. *See Wainwright v.

Torna*, 455 U.S. 586, 587-88 (1982); *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir.1996)

(mere possibility does not equal actual prejudice). Although the two prongs of the "ineffective

assistance" analysis are described as sequential, courts "do not . . . need to address the

performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*,

179 F.3d 616, 620 (8th Cir.1999).

Also, to the extent that Petitioner's claims arise out the plea process, he must show a

reasonable probability that, but for counsel's errors, he would not have pled guilty and would

have insisted on going to trial. See *Strickland*, 466 U.S. at 688; *United States v. Prior*, 107 F.3d

654, 661 (8th Cir. 1997).

### 1.  Co-conspirator association

The Defendant contends that his attorney was ineffective because "he never demanded

the prosecutor to prove the existence and association of each participant named in the indictment.

(ECF No. 95, p. 4).

"The plea of guilty is a solemn act not to be disregarded because of belated misgivings

about [its] wisdom." *U.S. v. Morrison*, 967 F. 2d 264 (quoting *United States v. Woosley*, 440

F.2d 1280, 1281 (8th Cir.1971)). "When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, 'the occasion for setting aside a guilty plea should seldom arise.' " *Id.* (quoting *United States v. Rawlins*, 440 F.2d 1043, 1046 (8th Cir.1971)). "While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir.1997) (internal citations omitted).

By signing his Plea Agreement, Aceves-Martinez acknowledged he had read and carefully reviewed every part of it with his attorney; that he fully understood the Plea Agreement; that no promises, agreements, understandings, or conditions had been made or entered into in connection with his decision to plead guilty; that he was satisfied with his counsel regarding the plea agreement; and that he had freely, voluntarily, and without reservation agreed to enter a plea of guilty. (ECF No. 45, ¶ 25). At his change of plea hearing, Aceves-Martinez confirmed that his decision to plead guilty was based on his own free will, that nobody had made any assurances or promises to get him to plead guilty. (ECF No. 98 , pp. 5 - 6). He was advised of the charges against him and stated under oath that he believed the United States could prove the charges against him (ECF No. 98 , pp. 11 - 12 ).

In the guilty plea context, a lawyer need not give wholly accurate advice in order to render effective assistance; he need not correctly predict the admissibility of evidence or anticipate future judicial holdings. His advice, however, must be "within the range of competence demanded of attorneys in criminal cases." [FN7] *McMann*, supra, at 770-71, 90 S.Ct.

at 1449. *U. S. ex rel. Healey v. Cannon* 553 F.2d 1052, 1057 (C.A.Ill. 1977).  The Defendant has

not shown anything to establish that his attorney's advise to plea guilty was outside the range of

competency demanded of attorneys in criminal cases.

### 2.  Illegal Re-entry

The Defendant argues in Ground Two that he was "misrepresented by his counsel or

record in his indictment of illegal re-entry in his sentencing trial." (ECF No. 95, p. 6).

The Defendant's argument is impossible to understand and he alleges no facts that bring

his sentence into question concerning his illegal re-entry charge.  Vague and conclusory

allegations are not sufficient to state a ground for relief under 28 U.S.C. § 2255.  *See Hollis v.*

*United States*, 796 F.2d 1043, 1046 (8th Cir.).  *See also  Smith v. United States*, 677 F.2d 39, 41

(8th Cir.1982) (conclusory allegations, unsupported by any specifics, are subject to summary

dismissal).  "The subsequent presentation of conclusory allegations unsupported by specifics is

subject to summary dismissal . . . " *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Voytik v.*

*United States*, 778 F.2d 1306, 1308 (8th Cir.1985); see also *Carpenter v. United States*, 720 F.2d

546, 548 (8th Cir.1983) (conclusory allegations are insufficient to rebut the presumption of

competency granted to defense counsel).

Under the Plea Agreement entered into between the Defendant and the Government the

Defendant agreed to plea guilty to Count I (Conspiracy to Distribute) and Court VII (Possession

of a Firearm in Furtherance of a Drug Trafficking Crime) and the illegal re-entry charge (Count

VIII) was dismissed by the Government at time of sentencing. (ECF No. 71, p. 1).

### D.  Request for Discovery:

The Defendant filed additional pleadings on April 1, 2013, after the Government filed its

Reply.  The Defendant has requested "exculpatory information to supporting the Defendant's collateral attack to his sentence". (ECF No. 101).  The Defendant makes this request pursuant to Rule 16 of the Criminal Rules of Procedure and not Rule 6 of the Rules Governing Section 2255 proceedings.

At his change of plea hearing, Aceves-Martinez confirmed that his decision to plead guilty was based on his own free will, that nobody had made any assurances or promises to get him to plead guilty. (ECF No. 98 , pp. 5 - 6).The Plea Agreement provided that:  "The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.  (Plea Agreement, ¶ 6).

In this case, Aceves-Martinez signed a Plea Agreement which included an acknowledgment that he had the right to confront and examine witnesses who testify against him. (ECF No. 45, ¶ 4(e)). However, he waived that right by admitting through his plea that he was guilty of the charged crime of conspiracy to distribute methamphetamine. (ECF No. 45, ¶ 5). Aceves-Martinez has made absolutely no showing that he is entitled to the information he seeks or even to engage in discovery.

In addition Rule 6 of the Rules Governing Section 2255 Proceedings provides that:

(a) Leave of Court Required.  A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law.

(b) Requesting Discovery.  A party requesting discovery must provide reasons for the request.  The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents.

It is clear that the Defendant has not complied with this rule and has not established "good cause" and his request should be denied.

## E.  Evidentiary Hearing:

A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless " 'the motion and the files and the records of the case conclusively show that [he] is entitled to no relief.' " *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 835-36 (8th Cir.2005) (alteration in original) (quoting 28 U.S.C. § 2255). No hearing is required, however, "where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Watson v. United States*, 493 F.3d 960, 963 (8th Cir.2007) (internal quotation omitted). *Anjulo-Lopez v. U.S.* 541 F.3d 814, 817 (C.A.8 (Mo.),2008). "A federal court may also dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart, 726 F.2d 1316 (8th Cir.1984)*.

For the reasons stated above the record is clear that the Defendant is not entitled to a hearing.

## III.  Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. §2255 be **DISMISSED with PREJUDICE**.  I further recommend that the Motion for

Supplemental Petition for Discovery (ECF No. 101) be **DENIED.**

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED April 23, 2013.

*/s/ J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE