IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES                                          PLAINTIFF/RESPONDENT


V.                          No.  2:13-CV-02044
                            No.  2:11-CR-20043

JAIME ACEVES-MARTINES                                  DEFENDANT/PETITIONER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the court is the Petitioner's Motion for Leave to File a new 2255 motion(ECF No.

109) filed April 14, 2014.  The United States of America filed a Response (ECF No. 109 ) on

April 21, 2014.  The Petitioner has not filed a Reply and the matter is ready for Report and

Recommendation.

**I.  Background**

On August 10, 2011, Jaime Aceves-Martinez ("Aceves-Martinez") was named in six

counts of an eight-count Indictment charging him with (1) conspiracy to distribute more than 50

grams of methamphetamine, (4) possessing with intent to distribute more than 50 grams of

methamphetamine, (5) being a felon in possession, (6) being an illegal alien in possession of a

firearm, (7) carrying and using a firearm in the furtherance of a drug trafficking crime, and for (8)

illegal reentry after removal. (ECF No. 1).

On December 5, 2011, Aceves-Martinez appeared with counsel, Joseph Self, for a change

of plea hearing before the Honorable P. K. Holmes, III. (ECF No. 44). A written Plea Agreement

was presented wherein Aceves-Martinez would plead guilty to Counts 1 and 7 of the Indictment.

(ECF No. 45). Additionally, the Plea Agreement set forth that Aceves-Martinez was subject to a

maximum 40 years imprisonment and to a term of supervised release of at least 4 years as to

Count 1 and subject to a maximum of life imprisonment and to a term of supervised release of at least 3 years as to Count 7. (ECF No. 45 ¶ 11). The Court reviewed the Plea Agreement with Aceves-Martinez ensuring there was nothing contained in the Plea Agreement that he had not agreed to and reviewed the penalties he faced. (ECF No. 98 , pp. 5 - 8). A factual basis was set forth to which Aceves-Martinez agreed and, after finding Aceves-Martinez's plea to be voluntary, the Court tentatively approved the plea agreement pending completion of a Presentence Investigation Report ("PSR"). (ECF No. 98 , pp. 11 - 14).

On January 3, 2012, the U.S. Probation Office prepared Aceves-Martinez's initial Presentence Investigation Report ("PSR"). The United States offered no objections. However, on January 20, 2012, Aceves-Martinez offered two objections, objecting to his base offense level of 34 contained in paragraph 33 and objecting to the finding in paragraph 37 that there was substantial risk of death or serious bodily injury when he was apprehended. Probation disagreed with each of Aceves-Martinez's objections and issued his PSR on January 24, 2012. (ECF No. 65).

On January 3, 2012, the U.S. Probation Office prepared Aceves-Martinez's initial Presentence Investigation Report ("PSR"). The United States offered no objections. However, on January 20, 2012, Aceves-Martinez offered two objections, objecting to his base offense level of 34 contained in paragraph 33 and objecting to the finding in paragraph 37 that there was substantial risk of death or serious bodily injury when he was apprehended. Probation disagreed with each of Aceves-Martinez's objections and issued his PSR on January 24, 2012. (ECF No. 65).  category of IV, Aceves-Martinez's guideline range for imprisonment was 235 - 293 months. (PSR ¶ 73).

On March 6, 2012, Aceves-Martinez appeared for sentencing. (ECF No. 64). The Court

sentenced Aceves-Martinez to 188 months imprisonment on Count 1 and 60 months on Count 7 (running consecutively), 4 years supervised release on Counts 1 and 7 (to run concurrent), and $100 special assessment. (ECF No. 71). Counts 4, 5, 6, and 8 were dismissed on motion of the United States. Aceves-Martinez did not appeal his conviction even though he was advised of his right to do so. (ECF No. 99, p. 37).

On February 12, 2013, Aceves-Martinez filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "§ 2255 Motion"). (ECF No. 95).  On April 23, 2014 a Report and Recommendation (ECF No. 103) was filed discussing each of the Petitioner's claims and finding no merit to his claims.  The court adopted the Report and Recommendation and dismissed the motion on September 13, 2013.  (ECF No. 107).

On April 14, 2014, Aceves-Martinez filed the current Motion to submit a new 2255 motion (ECF No. 108) contending:

1.  Due Process was violated because the Defendant was "questioned and interrogated without an attorney present" (Id., p. 4);

2.  The Defendant was not advised of his right to consular access (Id.);

3.  The Defendant was not advised of his rights in Spanish (Id., p. 5); and

4. The Plea Agreement was not knowingly and voluntarily made because of the Defendant's limited English. (Id., pp. 8-10).

## II.  Discussion

### A.  Successive Petition:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C.A. § 2255(h).

Under AEDPA, federal prisoners may not file "second or successive" § 2255 motions without an appropriate certification from the circuit court. See 28 U.S.C. §§ 2255, 2244(b). The rule is absolute. Prisoners may not evade the statutory requirement by simply filing a second or successive § 2255 motion in the district court.  *Boykin v. United States*, 242 F.3d 373 (8th Cir.2000).  A court must dismiss for lack of subject matter jurisdiction any successive petition that is filed without the Eighth Circuit Court of Appeals's permission. *See Boykin v. United States*, 242 F.3d 373, 2000 WL 1610732, at *1 (8th Cir. Oct. 30, 2000) (unpublished decision); *United States v. Bailey*, 514 Fed. App'x 835, 836 (11th Cir.2013) (noting that "[a] prisoner may not ... file a second or successive petition under § 2255 unless and until we grant certification. Absent such permission, the district court lacks jurisdiction to address the petition and must dismiss it.") (citations omitted); *Nunez v. United States*, 96 F .3d 990, 991 (7th Cir.1996) (instructing that "[a] district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing.") (emphasis in original); *see also United States v. Davis*, 524 Fed. App'x 389, 390 (10th Cir.2013) (noting that "[a] prisoner may not file a second-or-successive § 2255 motion unless he first obtains an order from the circuit court authorizing the district court to consider the motion.").

In this case, Aceves-Martinez's § 2255 Motion is a "second or successive" ' 2255 motion as he has previously filed a motion pursuant to §2255 (Docs. 95 & 101) which the Court ultimately denied on September 13, 2013 (Doc. 107). As such, this Court has no jurisdiction to

consider Aceves-Martinez's Motion absent an appropriate certification from the Eighth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A).

**B.  Statute of Limitations:**

In addition the Petitioner's claims which were not previously asserted in his prior section 2255 motions are barred by the Statute of Limitations.  A one-year period of limitation applies to motions under 28 U.S.C. § 2255. This period runs from the latest of: "(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255.

Judgement was entered on March 8, 2012 (ECF No. 71) and no appeal was taken by the Defendant therefore judgment became final on March 18, 2012. The Defendant filed his initial 2255 motion on February 12, 2013 (ECF No. 95) which was denied on September 13, 2013. (ECF No. 107).   The Defendant filed the current 2255 motion on April 14, 2014 which is well beyond the time and is defaulted unless the Defendant can claim Equitable Tolling.

A prisoner whose petition is belatedly filed may take advantage of equitable tolling where extraordinary circumstances beyond his control make it impossible for him to file a petition on time or when the action of the respondent lulled him into inaction. *Jihad v. Hvass*, 267 F.3d 803, 805 (8thCir. 2001). In general, neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. *Turner v.*

*Johnson*, 177F.3d 390, 392 (5th Cir. 1999). See *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015-16 (8th Cir. 2003); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000, cert. denied, 534 U.S. 863 (2001) (equitable tolling not warranted in case of unrepresented prisoner alleging lack of legal knowledge or legal resources). In addition  "[i]neffective assistance of counsel generally does not warrant equitable tolling." *Beery v. Ault*, 312 F.3d 948, 950 (8th Cir.2002).  The Petitioner has not asserted any such grounds as the basis for his failure to timely file the current petition and all of the issues the Defendant raises in his second 2255 motion were know to him at the time he entered his plea.

### III.  Conclusion

Based upon the forgoing I recommend that the instant motion for Leave to file a new 2255 motion be **DENIED**.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED  June 30, 2014.


/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE